LOAMMI HARRINGTON *vs.* CITY OF WORCESTER.

A collector's deed of real estate, sold by him for taxes, is invalid, under the statutes of this commonwealth, if it does not state that the taxes were not paid within fourteen days after demand.

WRIT OF ENTRY to recover a parcel of land in Worcester.

It was agreed in this court that in the year 1861 a tax of $8, and in the year 1862 a tax of $12, were legally assessed by the

assessors of Worcester upon the demanded premises to Sarah E. Wall, who was then the owner thereof, and that these taxes were duly demanded of her, and payment refused, and thereupon the collector duly advertised the same for sale, and, no person appearing to bid, purchased the same in behalf of the tenants, and executed a deed thereof to them, dated January 29, 1863, which contained the following recital simply:

"Whereas, the assessors of taxes of said city of Worcester have assessed for the years 1861 and 1862, to Sarah E. Wall, the sum of twenty dollars and —— cents for taxes as owner of land in said city, in the lists of assessments which they have committed to me to collect, and whereas, although I have demanded the said taxes of said Sarah E. Wall, the owner of said real estate, and have advertised the time and place of sale of the real estate whereon the said taxes were assessed for the payment of said taxes, and the name of the owner of such real estate, in the Worcester Palladium, a public newspaper printed in the city and county where said real estate lies, three weeks successively, the last publication whereof was one week before the time appointed for the sale, and have also posted up a written notice of said time and place of sale, and the name of the supposed owner of the real estate, in two public and convenient places in said city of Worcester, to wit: the City Hall, and Central Exchange, and also on the premises hereinafter described."

Upon these facts, with others which are now immaterial, the case was reserved by *Chapman*, J. for the determination of the whole court.

*T. L. Nelson*, for the demandant.

*S. P. Twiss*, for the tenants.

METCALF, J. The Gen. Sts. *c.* 12, § 22, provide that "taxes assessed on real estate may, with all incidental costs and expenses, be levied by sale thereof, if the tax is not paid within fourteen days after demand of payment made either upon the person taxed or upon any person occupying the estate." By § 35 of the same chapter, it is required that a collector's deed of real estate, sold by him for taxes, "shall state the cause of

sale," and also the particulars of his proceedings preparatory to the sale, which are prescribed by several preceding sections.

In this case the collector's deed to the tenants, although it states a demand of the tax made on the person taxed, does not state that payment was not made within fourteen days. This is not a statement of a legal cause of sale. And the question therefore is, whether this defect in the deed prevents the tenants from acquiring a title under it. And the court are of opinion that it does; that the provision that the deed " shall state the cause of sale " is not merely directory, but that it is a condition precedent to the operation of the deed. If the legal cause of the sale may be omitted in the deed, and the defect be supplied by proof *aliunde*, or by admission, so may any or all of the other matters which the statute requires that the deed shall state. The collector has a mere naked power to sell real estate for non-payment of taxes thereon, and to convey a title thereto to the purchaser; and in such a case the law requires that all the prerequisites to the exercise of that power must precede its exercise. Among those prerequisites to the conveyance of the estate so sold, is the statement, in the deed of conveyance, of the cause of sale. Unless a legal cause of sale is therein stated, the attempted conveyance is invalid. See Sugden on Powers, (8th ed.) 206 *&amp; seq.* 2 Washb. on Real Prop. 542 *&amp; seq.*

In the present case, the tenants claim under a purchase on their behalf by their collector, according to the new provision of *St.* 1862, *c.* 183, § 1;* but by § 2 the deed to be given by

---

* This section is as follows: " If at the time and place appointed for the sale of real estate taken for taxes, as provided in the thirty-third section of the twelfth chapter of the General Statutes, no person shall appear and bid for the estate thus offered for sale, or the rents and profits thereof, or for the whole or any part of the land, an amount equal to the tax and charges, and the sale shall have been adjourned from day to day, as provided in the thirty-fourth section of the said chapter, a public declaration of the fact shall then and there be made by the collector; immediately after which, provided no bid shall be made equal to the tax and charges, the collector shall give public notice that he shall, and that he then and there does, purchase on behalf of the town or city by which the

the collector in such case is to contain " the statements by law required " in other cases, as well as the particular fact which authorizes him to purchase in behalf of the city or town by which the tax is assessed.

In *Welch* v. *Joy*, 13 Pick. 477, it was held that an officer's deed of an equity of redemption sold by him on execution need not recite the facts necessary to give him authority so to sell it, and that those facts might be proved *aliunde*. But *St*. 1798, *c*. 77, § 3, in force when the sale in that case was made, did not require that those facts should be recited in the deed. It merely authorized the officer to make and deliver to the purchaser a " good and sufficient deed." That case, therefore, is not applicable to this. *Judgment for the demandant.*

tax is assessed, the said estate, in one of the forms set forth in the thirty-third section of said chapter; *provided, however*, that no sum exceeding the amount of the tax and the incidental costs and expenses of levy and sale shall be offered by him therefor."